In the Matter of the Estate of JAMES C. FRAZIER, Deceased.

Surrogate's Court, Wayne County, September 14, 1953.

*J. Willis Barrett, County Attorney,* for Commissioner of Public Welfare of County of Wayne.

*John W. Brandt* for Margaret Creller, as administratrix of the estate of James C. Frazier, deceased.

*Robert L. Purchase* for Howard Frazier and others.

BRASSER, S. The decedent died on September 19, 1950, while a member of the United States military forces on active duty. During the period of his service he was the holder of a National Service Life Insurance policy of the face value of $10,000. Following his death, the Federal agencies involved in the administration of National Service Life Insurance were unable to find the policy or records of the policy in the Government files and it was thereafter determined that although the policy was lost the proceeds thereof should be payable to the decedent's estate. The decedent had no personal assets of any kind.

The decedent was survived by his parents and several brothers and sisters and after the appointment of the administratrix, a proceeding was instituted for the purpose of determining to whom the net proceeds of the policy should be paid under the provisions of section 87 of the Decedent Estate Law. The Surrogate determined in this proceeding that the parents had abandoned the decedent during his minority and had therefore forfeited their rights to the net proceeds of the policy under the provisions of section 87 of the Decedent Estate Law and that such proceeds were distributable as though his parents had predeceased him.

The Commissioner of Public Welfare of the County of Wayne, pursuant to the provisions of the Social Welfare Law, has filed a claim against the policy proceeds in the hands of the administratrix covering moneys advanced from public funds between September 1, 1936, and December 15, 1943, for decedent's support and maintenance during the period of his minority. The unreimbursed balance is alleged to be the sum of $1,783.45.

The policy contained the following clause: " Payments of the proceeds of this policy to a beneficiary are exempt from claims of creditors, and are not liable to attachment, levy or seizure

by or under any legal or equitable process whatever, either before or after receipt by the beneficiary. This provision does not apply against the United States.''

The Congress enacted section 454a of title 38 of the United States Code, in 1935 which reads as follows: '' Payments of benefits due or to become due shall not be assignable, and such payments made to, or on account of, a beneficiary under any of the laws relating to veterans shall be exempt from taxation, shall be exempt from the claims of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary.''

In his learned opinion in *Matter of McCormick* (169 Misc. 672, 675–676), Surrogate WINGATE logically concludes '' That a very real benefit was conferred upon World war veterans by the insurance provisions of the act is demonstrated by the fact that section 511 provided that the entire administrative expense relating to the insurance as well as the excess mortality and disability loss should be borne by the United States government itself, thus bringing the policy of insurance within the noted connotation of the term ' bonus ', while the sums payable upon a demonstration of the conditioning event of the death of the insured comply with the accepted meanings of a ' pension ' and ' relief ' to the recipients.''

This interpretation brings the issue squarely within section 667 of the Civil Practice Act which reads as follows: '' The pay and bounty of a non-commissioned officer, musician or private in the military or naval service of the United States or the State of New York; a land warrant, pension or other reward heretofore or hereafter granted by the United States, or by a state, for military or naval service; * * * are * * * exempt from levy and sale by virtue of an execution, and from seizure in any legal proceeding.''

Many of the State courts have concluded that the immunity of the statute against claims of creditors applies to moneys of this nature paid over to the estate of a veteran. It is clearly the intention of the Government that the proceeds of War Risk Insurance shall be payable to those *dependents* and *relatives* of the veteran whom he would have preferred to receive them, exempt from the claims of any creditor and it appears that the act as now effective secures this result.

Claimant contends that the claim should be allowed because the Commissioner of Public Welfare is not a creditor within the purview of the statute, and those relatives who will receive

the proceeds of the policy were not dependents of the insured as defined by section 101 of the Social Welfare Law.

The law makes no distinction among creditors nor as to the degree of relationship of the beneficiaries. Despite the apparent validity of the claim, this court cannot discriminate between a public and private creditor. There is no authority in the statute for such a distinction.

Section 270 of the Debtor and Creditor Law defines a creditor to be a person having a claim, whether matured or unmatured, liquidated or unliquidated, absolute, fixed or contingent.

Concluding as I do that the claim must be disallowed, it is unnecessary to analyze or construe sections 104 and 105 of the Social Welfare Law, other than to comment that section 104 makes no reference to insurance, and section 105 does not include the proceeds of War Risk Insurance among the avails of insurance wherein the public welfare official is entitled to a preference.

Submit decree disallowing claim.